IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br> 378 North Main Avenue, <br> Tucson, AZ 85701, <br><br> *Plaintiff*, <br><br> v. <br><br> OFFICE OF MANAGEMENT AND BUDGET, <br> 725 17th Street NW <br> Washington, DC 20503, <br><br> *Defendant*. | Civil Action No: 25-165 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. The Center for Biological Diversity (the Center) brings this action to compel the United States Office of Management and Budget (OMB) to disclose records under the Freedom of Information Act, 5 U.S.C. § 552, as amended (FOIA). The records at issue include certain presidential transition documents that concern OMB's key functions and duties, which affect air and water quality; climate change, imperiled plants and wildlife; public lands; and environmental justice issues. These records are subject to FOIA, and their relevance is time sensitive.

2. Specifically, President elect Trump has announced he intends to establish a "Department of Government Efficiency" or "DOGE" that among other functions will seek to repeal, rescind and otherwise eliminate various facets of the federal government in the name of cost-cutting. Given the substantial protections for air and water, wildlife and nature, climate, public lands, and the environment generally implemented through regulations, the Center is

deeply interested in, and affected by, how the stated mission for DOGE and its related activities could harm, undermine, or negate the Center's longstanding efforts to protect the environment and the livability of our planet. Thus, Plaintiff sought under FOIA, but OMB has to date failed to produce, any records relating to the presidential transition and interactions between the DOGE, Mr. Elon Musk, Mr. Vivek Ramaswamy, or any others acting on their behalf and OMB or its Office of Information and Regulatory Affairs (OIRA) regarding deregulation, or the repeal or recission of regulations, executive orders, and/or the issuance of potential directives once the new administration takes office.

3. Plaintiff's FOIA request specifically includes any records pertaining to implementing a ratio for reducing regulations wherein two, ten or some other number of regulations are slated for elimination for every one adopted during the Trump administration. It also includes all transition materials sent to or received by OMB referencing the Department of Government Efficiency, DOGE, Elon Musk, or Vivek Ramaswamy. These records are important for the public to understand the threats to numerous environmental protections embodied in rules and orders and how, when, and under what circumstances the new administration intends to act on these threats.

4. The Center submitted its FOIA request to OMB on December 9, 2024, and a determination on this request was due by January 10, 2025. However, the Center has not received a determination or any responsive records to date.

5. Prompt access to these records is necessary to realize FOIA's purpose of transparency in government operations. FOIA establishes clear deadlines and requirements for FOIA responses, and OMB is in violation of these statutory duties. Therefore, through this Complaint, the Center seeks (1) declaratory relief establishing that OMB violated FOIA and (2)

injunctive relief ordering OMB to make an immediate determination on the Center's FOIA request and promptly release all requested records and information, including all reasonably segregable portions of any lawfully exempt records, by a date certain.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. This Court has authority to grant the requested declaratory relief pursuant to 28 U.S.C. § 2201, and authority to grant the requested injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

8. Venue is proper in this Court because this case is brought under FOIA and because OMB's office and the requested records are located in this district. 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. § 1391(e)(1).

## PARTIES

9. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY (the Center) is a nonprofit organization with offices and staff throughout the United States. The Center works through science, law, and policy to maintain and increase protections for air and water; plants, animals, and their native habitats; a livable climate; public lands; and healthy communities. The Center has more than 79,000 active members throughout the United States and the world.

10. The Center is the requester of the information and records at issue. The organization and its members are harmed by OMB's failure to disclose the requested information and records that are responsive to the Center's FOIA Request. This violation of law precludes the Center from understanding important information about plans for eliminating rules and orders

that currently protect air and water, wildlife and nature, public lands, the climate, and vulnerable communities and if and how such plans will be carried out and implemented.

11. This information and the Center's subsequent analyses of it will help to inform and prioritize the Center's organizational mission, including determining where to direct resources and develop alternate strategies. The Center will also share the requested information with its members and the public in general to keep them informed about mounting threats to clean air and water, wildlife and nature protections, public lands, climate, and vulnerable communities and potential avenues for response. The requested records and information will also be used to inform Congressional representatives and their staffs about threats to the environment.

12. The Center's interests and activities are adversely affected by OMB's failure to disclose the requested records. This injury will be redressed if the Court orders OMB to disclose the requested records.

13. Defendant OFFICE OF MANAGEMENT AND BUDGET (OMB) is an administrative agency within the Office of the President of the United States. OMB reports directly to the President and serves to implement the President's vision and priorities across all federal departments and agencies. To this end, OMB plays a central role in developing and executing the federal government's budget and overseeing federal agency programs, rules, and procedures. It also oversees and coordinates the Executive Office's regulatory policies as well as its policies relating to procurement, financial management, and information management. OMB possesses and controls the records the Center seeks, and the agency is subject to FOIA. *See* 5 U.S.C. § 552(f) (defining "agency" to include "any executive department … or other establishment in the executive branch of the Government (including the Executive Office of the President))."

14. A subcomponent of OMB, the Office of Information and Regulatory Affairs (OIRA) is comprised of six subject matter branches and is led by the OIRA Administrator, who is appointed by the President and confirmed by the U.S. Senate. OIRA is a part of OMB and in possession, custody, or control of the records sought by the Center, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

15. FOIA's primary purpose is to improve government transparency and accountability by requiring the disclosure of agency records and information. It establishes the public's right to access all federal agency records, 5 U.S.C. § 552(a), unless one or more narrow statutory exemptions apply, *id*. § 552(b).

16. FOIA imposes strict and rigorous deadlines for agencies to respond to FOIA requests. Specifically, within 20 business days of receiving a request, an agency must (1) determine if it will release the requested records and (2) notify the requester of (a) its determination and reasons for it, (b) the right to seek assistance from the FOIA Public Liaison, and (c) the right to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

17. FOIA provides only limited circumstances under which a federal agency may take longer than 20 business days to make a determination. First, the agency may toll the 20 business day deadline for up to ten additional business days while the agency is waiting for the information that it has reasonably requested from the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I). Second, the agency may also toll the 20 business day deadline for up to ten additional business days if it needs to clarify with the requester any issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii)(II). Additionally, if the agency faces "unusual circumstances," the agency may

extend the 20 business day deadline if the agency sets "forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). No extension will exceed ten business days unless the agency provides written notice to the requester explaining the "unusual circumstances" requiring an extension, establishes the date on which the agency expects to make the determination, and gives the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). Under FOIA, "unusual circumstances" are defined as "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request[,]" or "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request," or "the need for consultations . . . with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

18.     Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, according to the above provisions, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

19.     Agencies must make a reasonable effort to maintain and search for records so all responsive records can be identified and reproduced. 5 U.S.C. § 552(a)(3)(B)–(D).

20. In certain limited instances, an agency may withhold responsive records pursuant to nine specific statutory exemptions. 5 U.S.C. § 552(b). These exemptions are narrowly construed given FOIA's primary objective of disclosure of information, not secrecy.

21. An agency bears the burden of proof if it claims any exemption applies to withhold responsive documents. 5 U.S.C. §552(a)(4)(B). Even where records may be exempt from disclosure, FOIA expressly requires agencies to disclose reasonably segregable portions of those records. *Id*. § 552(b).

22. FOIA grants this Court jurisdiction "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

23. The Center sent a FOIA request to OMB on December 9, 2024, requesting three categories of presidential transition materials:

   1. The transition materials, as part of the transition process from the Biden administration to the Trump transition office by the staff or designated officials within the OMB assigned to coordinate the transition process, sent to or received by Elon Musk, any individual employed by Tesla, Inc. SpaceX, Inc. X Inc, or Nuerolink, Inc., or any affiliated business entity or legal representative thereof, or requested by a representative of the Trump transition office mentioning, discussing, or documenting issues about:

      a. Schedule F;

      b. The civil service;

      c. The final rule "Upholding Civil Service Protections and Merit System Principles" [89 Fed. Reg. 24,982 (Apr. 9, 2024)]; and/or

      d. 5 CFR Parts 210, 212, 213, 302, 432, 451, 752.

  2. The transition materials, as part of the transition process from the Biden administration to the Trump transition office by the staff or designated officials within the OMB assigned to coordinate the transition process, sent to or received by any person associated with, representing, or otherwise affiliated with a "Department of Government Efficiency" or "DOGE" or who purports to represent Elon Musk or Vivek Ramaswamy in relation to the "Department of Government Efficiency" or "DOGE" about issues under the purview of the OMB or the Office of Information and Regulatory Affairs ("OIRA") about deregulation, or the repeal or recission of regulations, executive order, and/or other directive to implement a 10:1 or 2:1 or other ratio for reducing regulations; and

  3. Any additional transition materials sent to or received by the OMB referencing the "Department of Government Efficiency," "DOGE," "Elon Musk," or "Vivek Ramaswamy."

24. OMB acknowledged the Center's FOIA request by electronic mail on December 10, 2024, assigning it tracking number 2025-350.

25. Pursuant to FOIA, OMB was required to make a determination on the Center's FOIA request by January 10, 2025. 5 U.S.C. § 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

26. After receiving no further communication from OMB, the Center sent the agency a letter on January 9, 2025, reminding it of its obligations and deadline, requesting an estimated completion date, and offering assistance to facilitate OMB's prompt response.

27. OMB responded on January 14, 2025, that it initiated a search but that the Center's FOIA request has been added to the OMB FOIA backlog.

28. OMB failed to indicate a date by which it would produce or start to produce responsive records or any determination.

29. To date, the Center has received no responsive records.

30. More than 21 business days have passed without a determination or release of any records from OMB, in violation of FOIA. 5 U.S.C. § 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

31. OMB has not requested additional information from the Center about its FOIA request, *see* 5 U.S.C. § 522(a)(6)(A), 5 C.F.R. § 1303.40(a), nor has it notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination, *id.* § 522(a)(6)(B); 5 C.F.R. § 1303.40(c).

32. OMB's failure to make a timely determination and "promptly" provide all responsive records to the Center undermines FOIA's primary purpose of transparency and openness in government.

33. OMB holds and maintains the records at issue, which include communications the agency sent to and received from individuals representing the Department of Government Efficiency (or DOGE) as well as Mr. Elon Musk, Mr. Vivek Ramaswamy, and others acting on their behalf. President-elect Trump, along with those he selected to lead DOGE (Elon Musk and Vivek Ramaswamy), have indicated that DOGE will restructure and reduce the number of employees at federal agencies, with a main objective of cutting federal regulations and budgets.

34. OMB plays a key role in the development and implementation of federal policies, regulations, and budgets, and the requested records will shed valuable light on any directives or communications with OMB regarding DOGE and its objectives, which will shed light on the new administration's intended operations and responses as they take office.

35. The Center has substantial, demonstrated interests in OMB's development and oversight of federal regulations, policies, programs, and budgets, particularly as these relate to air and water quality; climate change, imperiled plants and wildlife; public lands; environmental justice; and other issues at stake.

## CLAIM FOR RELIEF

### Violation of the Freedom of Information Act

36. The Center re-alleges and incorporates by reference all allegations made in this complaint.

37. The Center has a statutory right of access to information and records requested under FOIA, and there is no lawful basis for OMB's withholding of this information.

38. OMB's failure to disclose the requested information and records responsive to the Center's FOIA Request violates FOIA, 5 U.S.C. § 552(a)(3), and injures Plaintiff in the manner described herein.

## REQUEST FOR RELIEF

The Center respectfully requests this Court to grant the following relief:

(A) Enjoin OMB from continuing to withhold any non-exempt responsive records and/or segregable portions of otherwise lawfully exempt responsive records.

(B) Order OMB to immediately make a determination on the Center's December 9, 2024, FOIA request.

(C) Declare that OMB violated the Freedom of Information Act by failing to lawfully satisfy the Center's December 9, 2024, FOIA request.

(D) Retain jurisdiction of this action to ensure the timely processing of the Center's FOIA request and ensure no agency records are improperly withheld.

(E) Award the Center its attorneys' fees and litigation expenses pursuant to 5 U.S.C. § 552(a)(4)(E).

(F) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted on January 20, 2025.

  s/ *Tanya Sanerib*  
Tanya Sanerib (DDC Bar No. 473506)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
(206) 379-7363
tsanerib@biologicaldiversity.org

Jason Rylander (DDC Bar No. 474995)
1411 K Street NW,
Washington DC 20005
(202) 744-2244
jrylander@biologicaldiversity.org

*Attorneys for Plaintiff*
*Center for Biological Diversity*

11