UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>                       *Plaintiff*,<br><br>      v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, *et al.*,<br>                       *Defendants*. | Case No. 1:25-cv-00165-BAH<br><br>Judge Beryl A. Howell |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

      Pursuant to Federal Rule of Civil Procedure 15(a) and 15(d), Plaintiff respectfully requests leave to file a second amended complaint in this matter. Specifically, Plaintiff seeks leave to amend a First Amended complaint to add claims regarding the failure to timely respond to four new Freedom of Information Act (FOIA) requests directed to the reformed United States Digital Service now the United States DOGE Service (DOGE) and the United States DOGE Service Temporary Organization (DOGETO). Plaintiff seeks leave to amend for judicial efficiency to avoid having to litigate over whether previous FOIAs to DOGE and DOGETO (DOGE Defendants) directed to the Office of Management and Budget (OMB) are proper, after the government took the position that Plaintiff must exhaust administrative remedies as to the DOGE Defendants by sending FOIA requests directly to them before seeking relief under FOIA in court. *See* Joint Mtn. to Suspend Defendants' Deadline to Respond to Plaintiff's Amended Complaint and Set New Deadline ¶¶ 4-5 (ECF No. 17) (hereafter "March 21 Joint Mtn."). The Amended

1

Complaint now removes claims regarding the earlier FOIAs to the DOGE Defendants that were directed to OMB.

This motion is timely, made in good faith, and is neither dilatory nor unduly prejudicial to Defendants. Plaintiff conferred with Defendants, who state that Defendants take no position on this motion. Plaintiff respectfully requests that the Court grant this motion and allow this case to proceed expeditiously. This motion is supported by Plaintiff's following Memorandum of Law, accompanying Exhibits 1 (Second Amended Complaint) and 2 (Redline of Second Amended Complaint), and a Proposed Order.

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO AMEND AND SUPPLEMENT**

Leave to file an amended complaint should be "freely give[n] . . . when justice so requires" and is within the district court's discretion. Fed. R. Civ. Proc. 15(a); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Motions to supplement "are to be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1504 (2d ed. 1990)). "Motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard." *WildEarth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008) (citing *Armstrong v. Bush*, 807 F. Supp. 816, 818-19 (D.D.C. 1992)).

In resolving Rule 15 motions, the Court considers: "(1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F.Supp.2d 49, 54

(D.D.C. 2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418, 425-426 (D.C. Cir. 1996)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Under Rule 15(a), the nonmovant generally carries the burden in persuading the court to deny leave to amend." *Dove v. Wash. Metro. Area Transit Auth.*, 221 F.R.D. 246, 247 (D.D.C. 2004).

Plaintiff's motion for leave to file a second amended complaint is in direct response to Defendants' position that Plaintiff failed to exhaust its administrative remedies in sending the January 27, 2025 FOIAs to OMB instead of directly to the DOGE Defendants. March 21 Joint Mtn. ¶¶ 4-5 (ECF No. 17). Rather than litigating that issue, Plaintiff is seeking leave to amend in order to substitute FOIA requests sent directly to DOGE and DOGETO on March 13, 2025 for those previously sent to OMB on January 27, and to include two additional FOIA requests also sent to the DOGE Defendants on March 13. This motion does not expand the parties or claims presented in the First Amended Complaint (ECF No. 9), and was made both in the time frame prescribed in the Court's March 25, 2025 Minute Order, and before the time for Defendants to answer or file a responsive pleading. Therefore, Plaintiff respectfully requests that the Court grant this timely, non-prejudicial motion to amend the complaint to seek judicial review of Defendants' failure to respond to Plaintiff's March 13 FOIA requests.

**BACKGROUND**

Congress believed that the FOIA was necessary "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (internal citations omitted). Thus, following the inauguration of President Trump, Plaintiff submitted several FOIA requests to OMB seeking certain presidential transition documents that concern OMB's key functions and duties as well as records regarding, among other matters, the staffing, calendars, and communications of DOGE and DOGETO given the media reports suggesting these entities were being formulated to review federal agency staffing and regulations with direct implications for air and water quality; climate change, imperiled plants and wildlife; public lands; and environmental justice. Complaint ¶¶ 1-5 (ECF No. 1). FOIA was designed to ensure that monumental and consequential undertakings such as those being effectuated by DOGE and DOGETO could not take place without transparency and the requested records are time sensitive given DOGE's efforts to refashion the federal workforce and regulatory regime behind closed doors. Because OMB did not timely respond to these requests, Plaintiff filed this suit.

Following the official creation of DOGE and DOGETO, Plaintiff submitted additional FOIA requests on January 27, 2025 seeking additional information regarding DOGE and DOGETO's efforts to dismantle and restructure the federal government. Am. Complaint ¶¶ 49-68 (ECF No. 9). These requests were sent to OMB due to DOGE and DOGETO failing to provide the public with any information regarding the appropriate method or means for submitting a FOIA request. *Id.* ¶ 65. Following concerns from the government that in so fashioning these requests Plaintiff failed to exhaust its

administrative remedies (given the government's view that DOGE is not a subcomponent of OMB, March 21 Joint Mtn. ¶¶ 4-5 (ECF No. 17)), Plaintiff submitted four new requests on March 13, 2025. Two requests were specifically directed to DOGE and two were directed to DOGETO. The first two FOIA requests, one directed to DOGE and the other to DOGETO, sought:

> 1. Any updated or new staff directory for the U.S. DOGE Service and/or the U.S. DOGE Service Temporary Organization;
>
> 2. The calendar schedules, including but not limited to travel and/or meeting schedules, of all individuals whose status is either a volunteer or paid federal employee within the U.S. DOGE Service or the U.S. DOGE Service Temporary Organization since January 20, 2025;
>
> 3. All emails, direct messages, and messages via other messenger apps (e.g., Signal, WhatsApp, and Telegram) between any individual who is either a volunteer or paid federal employee within the U.S. DOGE Service Temporary Organization or a paid employee within the U.S. DOGE Service, and any entities outside of the federal government (emails ending with a suffix other than ".gov", including but not limited to @tesla.com, @spacex.com, @x.com, @neuralink.com, or @starlinkworld.com or any email representing an individual employed during the Presidential transition period from the entity known as the "Department of Government Efficiency");
>
> 4. All emails to or from [a list of 32 individuals and their related "@doge.eop.gov" emails]
>
> 5. All emails to or from erm71@who.eop.gov ;
>
> 6. All emails to or from Katie Miller, katie.r.miller@who.eop.gov to the extent this individual now works in the U.S. DOGE Service Temporary Organization or the U.S. DOGE Service; and
>
> 5. All emails to or from White House Deputy Chief of Staff Stephen Miller.

5

The third and fourth FOIA requests, one to DOGE and one to DOGETO, sought:

    1. Any updated staff directory for DOGE and DOGE teams;

    2. All planned or proposed staffing changes at any environmental agencies including but not limited to: Department of Interior and its sub-units; Department of Energy and its sub-units; U.S. Environmental Protection Agency; National Oceanic and Atmospheric Administration; and the U.S. Forest Service; and

    3. All planned or proposed rescissions or modifications of environmental regulations, including those identified at any point in the process outlined in Executive Order 14219 (Feb. 19, 2025)4, implemented solely or jointly by environmental agencies including but not limited to: Department of Interior and its sub-units; Department of Energy and its sub-units; U.S. Environmental Protection Agency; National Oceanic and Atmospheric Administration; and the U.S. Forest Service.

Subsequently, on March 21, 2025, the parties filed a Joint Motion to suspend Defendants' deadline to respond to the Amended Complaint in order to allow Plaintiff to substitute the new FOIAs into this case. March 21 Joint Mtn. (ECF No. 17). In a subsequent Minute Order, the Court directed that Plaintiff should file any amended Complaint concerning the new FOIAs by April 21, 2025. Mar. 25, 2025 Minute Order.

As of the date of this filing, neither of the DOGE Defendants have produced records responsive to the new FOIA requests, more than 20 working days after the requests were submitted. On April 14, 2025, Plaintiff informed Defendants' counsel that Plaintiff would amend the First Amended Complaint to substitute the March 13 FOIA requests for the January 27 FOIA requests and sought Defendants consent. Defendants responded that they take no position on the motion to file an amended complaint.

## ARGUMENT

Plaintiff respectfully submits that it meets the standards for a motion to amend: Plaintiff has not unduly delayed submitting this motion to amend and supplement,

6

Plaintiff has neither a dilatory purpose nor bad faith motives in seeking leave to amend and supplement, and granting this motion will not unduly prejudice Defendants. *Foman v. Davis*, 371 U.S. at 182. Allowing Plaintiff to amend the complaint to substitute four new FOIA requests for the three FOIA requests added by the First Amended Complaint is in the interest of judicial efficiency and economy, as these new requests will help to narrow the issues for resolution by the Court. *Hall v. CIA*, 437 F.3d at 101 (Rule 15 motions "are to be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties'" (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1504 (2d ed. 1990))).

      A.      **Plaintiff's Motion is Timely.**

This motion is timely. This matter is at an early stage in the proceedings – Defendants have not filed any responsive pleadings or substantive briefs in this matter. Given the stage of these proceedings, Plaintiff's motion to amend and supplement is timely. Nor has Plaintiff delayed in pursuing this amendment. The four new FOIA requests were promptly sent on March 13, 2025 and having received no responsive records or other FOIA determination by the 20th working day, Plaintiff promptly sought Defendants' position on the filing of a second amended complaint. Thus, this motion was not unduly delayed. Any delay caused by expanding the scope of the requests directed to DOGE and DOGETO in this matter is outweighed by the judicial efficiency and economy of Plaintiff addressing the government's concerns about requests to DOGE and DOGETO being directed to OMB. *Smith v. Cafe Asia,* 598 F. Supp. 2d 45, 48 (D.D.C. 2009) ("favoring proposed complaints that do not 'radically alter the scope and nature of the case'" (internal citation omitted)).

**B. The Motion to Amend and Supplement is Not Brought in Bad Faith or for a Dilatory Purpose.**

This motion is not made in bad faith or for a dilatory purpose. Plaintiff is seeking leave to amend and supplement early on in these proceedings and has not delayed or withheld the new FOIA requests. *Cf. Key Airlines, Inc. v. Nat'l Mediation Bd.*, 745 F. Supp. 749, 752 (D.D.C. 1990) (refusing to grant leave to amend the complaint because the plaintiff had acted in bad faith by withholding a claim until a very late stage in the litigation).

Plaintiff seeks leave to amend and supplement in order to conserve judicial resources and in the interest of efficiency and economy. *Hall v. CIA*, 437 F.3d at 101 (explaining that "'economic and speedy disposition of the entire controversy between the parties'" is a sound basis for a Rule 15 motion (internal citation omitted)). Resolving the government's exhaustion concerns by directing FOIA requests to DOGE and DOGETO to OMB will help to narrow the issues in this case.

Nor is Plaintiffs' motion futile. "An amendment is 'futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.'" *Klotzbach-Piper v. Nat'l R.R. Passenger Corp.*, 678 F. Supp. 3d 62, 69 (D.D.C. 2023) (quoting *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 113 (D.D.C. 2012)). The attached Second Amended Complaint substitutes the three January 27 FOIA requests with four March 13 FOIA requests. Exhibit 1. As the proposed amended pleading illustrates, the amendments are narrow, well-grounded, and made with the intent of narrowing the issues before the Court.

### C.    Granting Plaintiffs' Motion Will Not Unduly Prejudice Defendants.

Permitting this amendment will not unduly prejudice Defendants. This case is still early in the proceedings and Defendants have not yet filed an answer or other responsive pleading. Plaintiff's amendment is designed to narrow the issues the court must resolve in this case. While this motion has necessitated a slight delay in the schedule of this case, it is Plaintiff's intent this motion will ultimately make resolution of this matter more efficient without causing injustice to Defendants. *See, e.g.*, *Smith v. Cafe Asia*, 598 F. Supp. 2d at 49 ("To determine if the threat of prejudice to the opposing party is great enough to warrant denying leave to amend, courts consider 'the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted'" (quoting *Childers v. Mineta*, 205 F.R.D. 29, 32 (D.D.C. 2001))).

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion for leave to file the attached amended and supplemental complaint in this matter.

Dated: April 21, 2025

Respectfully submitted,

s/ *Tanya Sanerib*
Tanya Sanerib (DDC Bar No. 473506)
(206) 379-7363
tsanerib@biologicaldiversity.org
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211

Jason Rylander (DDC Bar No. 474995)
(202) 744-2244

9

jrylander@biologicaldiversity.org
Lauren Parker (DC Bar No. 1670885)
(202) 868-1008
lparker@biologicaldiversity.org
1411 K Street NW,
Washington DC 20005

*Attorneys for Plaintiff*
*Center for Biological Diversity*