IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF MANAGEMENT<br>AND BUDGET, *et al.*,<br><br>Defendants. | Civil Docket No. 1:25-cv-00165-BAH |

**DEFENDANTS' CONSENT MOTION TO PARTIALLY STAY PROCEEDINGS**

Defendants respectfully request that the Court stay further proceedings against the USDS Defendants until a final decision is rendered on whether USDS is an agency subject to the Freedom of Information Act ("FOIA") in *Citizens for Responsibility and Ethics in Washington ("CREW") v. USDS et al.*, 349 F.R.D. 1 (Apr. 15, 2025) (Cooper, J.), *on Petition for Writ of Mandamus*, No. 25-5130 (D.C. Cir.) (hereafter, "the *CREW* case"). As discussed further below, the Supreme Court has already granted the Government's request for relief from discovery in the *CREW* case; provided guidance on how to determine whether USDS is an agency under FOIA; and stayed the district court's discovery orders pending appellate review (including in the Supreme Court, if certiorari is timely sought). The D.C. Circuit's forthcoming ruling on CREW's pending motion for summary disposition regarding discovery (and any Supreme Court review of that ruling) will strongly inform not only the scope of discovery (if any) in this case, but also the merits of the agency question. Thus, a temporary stay of proceedings to await appellate guidance—and to await a final decision on the agency issue in the *CREW* case if the D.C. Circuit's forthcoming ruling and

any Supreme Court review of that ruling does not itself resolve the agency issue—would promote efficiency and conserve judicial and party resources.

Defendants have conferred with Plaintiff about this Motion, and Plaintiff indicates that it consents to the requested stay, provided that: (1) USDS Defendants withdraw their pending partial motion to dismiss (without prejudice to Defendants' right to refile the motion to dismiss or make any other appropriate Rule 12 or 56 motion if and when a stay is lifted); and (2) Defendants agree that Defendant Office of Management and Budget ("OMB") will process all records responsive to the FOIA request at issue in this case directed to OMB within 60 days of any order granting the requested motion to stay (except that OMB may have an additional 30 days to process any documents that it is unable to process within 60 days because it needs to consult with other federal agencies). Defendants in turn have agreed to those conditions. Accordingly, this Court should exercise its discretion to temporarily stay further proceedings in this case as to the USDS Defendants.

## BACKGROUND

**I.     The Legal Question of Whether USDS Is an "Agency" Under FOIA Is Now Pending Before Multiple District Courts.**

To date, plaintiffs in at least seven distinct cases have brought claims pursuant to FOIA's cause of action, 5 U.S.C. § 552(a)(4)(B), on the theory that USDS is an "agency" subject to FOIA. Six of those cases are pending in the U.S. District Court for the District of Columbia. They are, chronologically: (1) *Ctr. for Biological Diversity v. OMB*, No. 1:25-cv-165 (D.D.C. filed Jan. 20, 2025) (Howell, J.); (2) *Am. Oversight v. U.S. Dep't of Gov't Efficiency*, No. 1:25-cv-409 (D.D.C. filed Feb. 11, 2025) (Howell, J.); (3) *CREW v. U.S. DOGE Serv.*, No. 1:25-cv-511 (D.D.C. filed Feb. 20, 2025) (Cooper, J.); (4) *MSW Media, Inc. v. USDS*, No. 1:25-cv-01933 (D.D.C. filed Mar. 28, 2025) (Boasberg, J.); (5) *Am. Oversight v. U.S. Dep't of Gov't Efficiency*, No. 1:25-cv-1251

(D.D.C. filed Apr. 23, 2025) (Contreras, J.); and (6) *Project on Gov't Oversight, Inc. v. U.S. DOGE Serv.*, 1:25-1295 (D.D.C. filed Apr. 28, 2025) (Howell, J.).[1]  In addition, another case pending in this District raises the same issue in the context of the Federal Records Act.  *See POGO v. Trump, et al.*, No. 1:25-cv-00527 (D.D.C. filed Feb. 21, 2025) (Boasberg, J.).

## II.    Relevant Past and Future Proceedings in the D.C. Circuit and United States Supreme Court in the *CREW* case.

As referenced above, prior and future proceedings in the *CREW* case—where the scope of any discovery and how courts should analyze the issue of USDS's agency status will be fleshed out further over the next weeks or months—warrant a stay.  To understand why, we describe below the course of proceedings in that case.

As relevant here, the *CREW* case began when CREW sent an expedited FOIA request to USDS, which USDS denied on the grounds that it is not an agency subject to FOIA.  *See* 769 F. Supp. 3d 8, 16 (D.D.C. Mar. 10, 2025).  CREW sought a preliminary injunction directing USDS to process the FOIA request by March 10, 2025.  *Id.* at 17.  The district court denied CREW's request for a March 10, 2025, production deadline, but nonetheless ordered "expedited processing" of the FOIA request.  *Id.* at 18.  In doing so, the court held that "CREW has established a likelihood of success on the merits of its argument that USDS is subject to FOIA."  *Id.* at 18, 23–26.  Because its agency status under FOIA had not been fully briefed or argued, USDS filed a motion for summary judgment on this issue.  No. 1:25-cv-511, ECF 24 (Mar. 19, 2025).

CREW, in turn, sought extensive, expedited discovery concerning USDS, including depositions, interrogatories, requests for admission, and requests for production.  No. 1:25-cv-511, ECF 27 (Mar. 27, 2025).  USDS objected that discovery was unwarranted because "[USDS's]

---

[1] The seventh case, in the U.S. District Court for the Southern District of New York, is: *The Intercept Media, Inc. v. USDS*, 1:25-cv-2404 (S.D.N.Y. filed Mar. 24, 2025).

charter documents demonstrate that it does not have" legal authority sufficient to make it an agency under FOIA. *Id.*, ECF 34 (Apr. 8, 2025). Defending its requests, CREW contended that USDS has "influence" over the entire Executive Branch and that discovery was necessary "to ascertain how DOGE is actually influencing agency action." *Id.*, ECF 35 at 3, 6 (Apr. 10, 2025). The district court granted CREW's motion in substantial part. 349 F.R.D. 1 (D.D.C. Apr. 15, 2025). Of note, the district court accepted CREW's central contention that FOIA status depends on the extent of an entity's "influence" within the Executive Branch. *E.g.*, *id.* at 8 ("If Agency DOGE teams are complying with orders from USDS leadership, that speaks to USDS's influence over other federal agencies."); *id.* at 9 (describing key question as "whether USDS employees are using that access [to federal agencies] to influence those agencies").

After the D.C. Circuit denied USDS's petition for writ of mandamus, USDS sought relief from the Supreme Court, which granted the Government's application on June 6, 2025. *U.S. DOGE Serv. v. CREW*, 2025 WL 1602338, 145 S. Ct. 1981, 1981–82 (U.S. June 6, 2025) (Mem.). Namely, the Supreme Court held that "[t]he portions of the District Court's April 15 discovery order that require the Government to disclose the content of intra-Executive Branch USDS recommendations and whether those recommendations were followed is not appropriately tailored." *Id.* at 1982. Because an Executive Branch entity's status under FOIA turns on its *formal* legal authority, it held that "[a]ny inquiry into whether an entity is an agency for the purposes of [FOIA] cannot turn on the entity's ability to persuade." *Id.* "Furthermore," it held, "separation of powers concerns counsel judicial deference and restraint in the context of discovery regarding internal Executive Branch communications." *Id.* The Supreme Court remanded to the D.C. Circuit, directing the court of appeals to "take appropriate action to narrow the April 15 discovery order consistent with this order." *Id.* The district court's April 15 order granting CREW's motion

4

for discovery is stayed "pending remanded consideration at the Court of Appeals, and disposition of the petition for a writ of certiorari, if such writ is timely sought." *Id.*

After the Supreme Court's remand, CREW filed a motion for summary disposition in the D.C. Circuit, proposing to abandon seven of its discovery requests but otherwise asking the D.C. Circuit to allow the remaining discovery to go forward. *See In re U.S. DOGE Serv., et al.*, No. 25-5130, Dkt. 2121424 (D.C. Cir. June 18, 2025). The Government opposed CREW's motion, arguing that "to the extent any discovery is appropriate at all, it must be exceedingly limited"; namely, "[s]ince the relevant legal question turns entirely on formal legal authority, discovery and depositions are simply not necessary to determine whether USDS wields substantial authority independent of USCA." *Id.*, Dkt. 2122282, at 3, 9–10 (June 25, 2025). Thus, the scope of discovery (if any) concerning whether USDS is an agency subject to FOIA is thus now before the D.C. Circuit—whose determination will bind this Court. And the district court's discovery orders, to the extent modified by the D.C. Circuit, will remain stayed pending disposition by the Supreme Court of a petition for writ of certiorari. 145 S. Ct. at 1982.

**III.    Relevant Proceedings in this Case.**

In the instant case, briefing on the question of whether USDS is an agency under FOIA is underway, but not complete. Namely, the USDS Defendants filed a partial motion to dismiss on May 23, 2025, arguing that USDS's formal legal authority demonstrates its non-agency status. ECF 22. Plaintiff opposed the partial motion to dismiss on June 20, 2025, arguing that the Court "cannot decide now" that USDS is not an agency as a matter of law, and alternatively seeking "the opportunity to take limited discovery." ECF 24 at 1, 41. Defendants' reply is due July 11, 2025.

**ARGUMENT**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731 (D.C. Cir. 2012) (holding that *Landis* governs when a stay is issued "pursuant to the district court's inherent authority in the interest of judicial economy"). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. A court's judgment to stay "may be appropriately exercised where a separate proceeding bearing upon the case is pending." *Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* Rather, a stay may be warranted where the resolution of other litigation will likely "narrow the issues in the pending cases and assist in the determination of the questions of law involved." *Landis*, 299 U.S. at 253; *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case").

**I.   Courts in This Circuit Routinely Stay Proceedings to Await Appellate Guidance.**

Consistent with their discretionary power, judges in this District have routinely stayed proceedings to promote judicial economy and efficiency where the D.C. Circuit's ruling in the same or a related matter will bear on further proceedings before the district court. *See, e.g., Ready to Win v. FEC*, 2023 WL 10512144, at *2 (D.D.C. July 28, 2023) (staying proceedings pending

appeal of a related case, reasoning that discovery "may prove unnecessary or may be narrowed in light of the D.C. Circuit's decision"); *Blumenthal v. Trump*, 2019 WL 3948478, at *3 (D.D.C. Aug. 21, 2019) ("The Court will also stay proceedings in this case pending the interlocutory appeal."); *Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 89 (D.D.C. 2017) ("[T]he Court concludes that it is appropriate to stay the proceedings while Defendants' interlocutory appeal is pending" and "shall not require Defendants to respond to the complaint and the parties to proceed with discovery at this time."); *Univ. of Colo. Health Mem'l Hosp. v. Burwell*, 2017 WL 535246, at *12 (D.D.C. Feb. 9, 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency."); *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) (finding "good cause to stay this matter" given that "the parties agree that the resolution of [a related case] by the D.C. Circuit will be dispositive of the Plaintiffs' arguments here").

Courts in other jurisdictions have stayed proceedings in similar circumstances. *See, e.g.*, *Minn. Voters Alliance v. Walz*, 494 F. Supp. 3d 610, 611–12 (D. Minn. 2020) (staying proceedings pending appeal of preliminary injunction because, among other things, the appeal was "likely to resolve some of the legal issues in dispute"); *Fowler-Bey v. Johnson*, 2018 WL 11476084, at *1–2 (D. Md. Nov. 30, 2018) (staying case where a "central issue" affecting plaintiff's claim was pending before the Fourth Circuit); *Dawoudi v. Nationstar Mortg., LLC*, 2016 WL 8711604, at *2 (N.D. Ill. Sept. 16, 2016) ("Because a decision in the pending appeals would potentially be entirely dispositive of this case and, at a minimum, simplify the issues for the parties and the Court, the stay . . . is warranted in this case."); *Carroll v. Wilson McColl & Rasmussen, Att'ys at L.*, 2009 WL 315610, at *2 (D. Idaho Feb. 9, 2009) (staying case to avoid "the expenditure of unnecessary

costs, expenses, and time" where appellate court's resolution of an issue would impact plaintiff's claims); *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008) (staying proceedings pending appeal of preliminary injunction to await appellate court's resolution of a legal issue that "would significantly advance the course of th[e] litigation" and best serve "the time and effort of the parties and the court"); *Bray v. QFA Royalties, LLC*, 2007 WL 2688858, at *1 (D. Colo. Sept. 12, 2007) (staying proceedings pending appeal of preliminary injunction because appellate court's "determination of the legal issues inherent in [the] preliminary injunction decision will edify further proceedings on those same . . . claims for permanent injunctive relief").

## II.   A Stay of Proceedings as to USDS Will Promote Judicial Economy and Conserve the Parties' Resources in This Case.

"In deciding whether to grant a stay, courts generally 'weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties.'" *Masdar Solar & Wind Cooperatief U.A. v. Kingdom of Spain*, 397 F. Supp. 3d 34, 39 (D.D.C. 2019) (quoting *Belize Soc.*, 668 F.3d at 732–33).  Here, a temporary stay of district court proceedings until the D.C. Circuit completes its remanded consideration of the district court's discovery orders in the *CREW* case—and until the Supreme Court's disposition of any timely filed petition for writ of certiorari—would serve the interests of judicial economy and efficiency and conserve the parties' resources, by potentially narrowing the issues in this case and the scope of any discovery.

Most obviously, the D.C. Circuit's resolution of CREW's pending motion for summary disposition, and the Supreme Court's resolution of any petition for certiorari, will directly affect (if not dictate) the answers to the questions: (i) whether any discovery is necessary and appropriate to resolve USDS's agency status under FOIA, and (ii) if the answer is yes, the scope of such

discovery. But the relevance of these future proceedings is not limited to questions of discovery. That is because the question of whether any discovery to USDS is warranted—and if so, the scope of that discovery—is logically intertwined with the underlying legal framework for what makes an entity an agency under FOIA. Indeed, in the *CREW* case the Supreme Court has already held that a component's agency status depends on its formal authority, not its ability to persuade. *See supra* at 4. Appellate guidance on these issues is highly likely to affect this Court's resolution of the pending partial motion to dismiss.

By contrast, requiring the USDS Defendants to continue to defend this action in district court without waiting for appellate resolution of the issues raised here would be a wasteful and inefficient exercise, particularly since there is a significant likelihood that any analysis the Court might be provide in the interim would be superseded at least in part by decisions from the D.C. Circuit and/or the Supreme Court. *See*, *e.g.*, *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Human Servs.*, 2021 WL 4033072, at *3 (D.D.C. Sept. 3, 2021) ("In the interim, a substantial amount of the parties' and the Court's resources would have been expended and potentially for little gain."); *cf. Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) (granting a stay "[n]ot needing more lawyers to spend more time on more briefs on more subjects"). Thus, a temporary stay to await such resolution is warranted.[2]

---

[2] Plaintiff in this case also alleges a violation of FOIA's affirmative disclosure mandates, which they contend amounts to an APA violation (for unlawfully withholding and unreasonably delaying compliance with these mandates). Second Am. Compl. (ECF 20) ¶¶ 80–83 (quoting 5 U.S.C. § 552(a)(1)(A)). However, FOIA's definition of "agency" encompasses the APA's definition of agency. *See Energy Rsch. Found. v. Def. Nuclear Facilities Safety Bd.*, 917 F.2d 581, 583 (D.C. Cir. 1990) (discussing definition of agency in FOIA and finding that "Congress sought to encompass entities that might have eluded the APA's definition in § 551(1)"); *Soucie v. David*, 448 F.2d 1067, 1073 (D.C. Cir. 1971); *Elec. Priv. Info. Ctr. v. Nat'l Sec. Comm'n on A.I.*, 466 F. Supp. 3d 100, 111 (D.D.C. 2020). Therefore, the D.C. Circuit's and potentially the Supreme Court's analysis will be of equal relevance to Count II in Plaintiff's Second Amended Complaint.

As noted above, Plaintiff consents to the requested stay (subject to the conditions set forth above, to which Defendants have consented). Therefore, there is no concern that a stay will disadvantage either party, and no need to "weigh competing interests," *Landis*, 299 U.S. at 255, as may be necessary for an opposed stay motion. Further, as reflected in the attached Proposed Order, Defendants' request for a stay of proceedings does not extend to OMB, and also does not encompass the entry of any protective order, any motions to further amend the complaint to add new plaintiffs and for preliminary injunctive relief regarding those plaintiffs, and other case management issues.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay further proceedings against USDS.

Dated: July 9, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

/s/ *Marianne F. Kies*
MARIANNE F. KIES
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 353-1819
Marianne.F.Kies@usdoj.gov

*Counsel for Defendants*